**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ASHLEE MARTSOLF, on behalf of herself and all others similarly situated,** | : : : : | **CIVIL ACTION NO. 1:04-CV-1346** **(CLASS ACTION)** |
| **Plaintiff** | : : | **(Judge Conner)** |
| **v.** | : : | |
| **JBC LEGAL GROUP, P.C., et al.,** | : : | |
| **Defendants** | : | |

-----------------------------------------------------------------------------

| | | |
|---|---|---|
| **ASHLEE MARTSOLF, on behalf of herself and all others similarly situated,** | : : : : | **CIVIL ACTION NO. 1:05-CV-0819** **(Judge Conner)** |
| **Plaintiff** | : : | |
| **v.** | : : | |
| **OUTSOURCE RECOVERY MANAGEMENT, INC.,** | : : : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 1st day of September, 2005, upon consideration of the motions of counsel for defendants in the above-captioned cases[1] for leave to withdraw, on grounds that defendants are able to secure substitute counsel and have failed, despite reasonable warning, to fulfill financial obligations owed to their present counsel, resulting in an unreasonable financial burden on counsel and an irretrievable break in the attorney-client relationship, see PA. RULES PROF'L

---

[1] These cases have been consolidated solely for purposes of this order. See FED. R. CIV. P. 42.

CONDUCT R. 1.16(b)(1), (5)-(7) (permitting a lawyer to terminate representation if it would not have a "material adverse effect on the interests of the client," if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services," if "the representation will result in an unreasonable financial burden on the lawyer," or if "other good cause for withdrawal exists"); see also L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct), it is hereby ORDERED that:

1. Counsel for defendants shall, on or before September 16, 2005, forward copies of the motions for leave to withdraw and a copy of this order to their clients and shall confer with the clients regarding the clients' right to object to the motions and the ramifications of withdrawal, including the potential for dismissal of claims against unrepresented corporate defendants.[2]

2. Defendants shall be permitted to submit objections to the motions for leave to withdraw on or before September 26, 2005. Objections shall be written and shall be submitted to counsel for defendants.

3. Counsel for defendants shall file copies of any objections submitted by defendants or, if no objections are submitted, shall file a notice of concurrence in the motion for leave to withdraw on or before September 30, 2005.

    S/ Christopher C. Conner  
    CHRISTOPHER C. CONNER  
    United States District Judge

---

[2] See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citing 28 U.S.C. § 1654).