# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASHLEE MARTSOLF**, on behalf of herself and all others similarly situated, | : : : : | **CIVIL ACTION NO. 1:04-CV-1346** (CLASS ACTION) |
| Plaintiff | : : | (Judge Conner) |
| v. | : : | |
| **JBC LEGAL GROUP, P.C., et al.**, | : : | |
| Defendants | : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **ASHLEE MARTSOLF**, on behalf of herself and all others similarly situated, | : : : : | **CIVIL ACTION NO. 1:05-CV-0819** (Judge Conner) |
| Plaintiff | : : | |
| v. | : : | |
| **OUTSOURCE RECOVERY MANAGEMENT, INC.**, | : : : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 19th day of September, 2006, upon consideration of the motions to consolidate the above-captioned cases (Civil Action No. 1:04-CV-1346, Doc. 68; Civil Action No. 1:05-CV-0819, Doc. 20) and to certify the class in Civil Action No. 1:05-CV-0819 (Doc. 25), in which plaintiff requests, as part of consolidating the above-captioned cases, that defendant Outsource Recovery Management, Inc. ("ORM") be added as a class defendant to Civil Action No. 1:04-CV-1346, and the joint motions to amend the class definition and file a consolidated complaint (Civil Action No. 1:04-CV-1346, Doc. 76; Civil Action No. 1:05-CV-0819,

Doc. 38), and following a telephone conference with the parties on September 11, 2006, and it appearing that defendants do not oppose consolidation or the addition of defendant ORM as a class defendant (see Civil Action No. 1:04-CV-1346, Doc. 74; Civil Action No. 1:05-CV-0819, Doc. 36), that the above-captioned cases involve common questions of fact and law, see FED. R. CIV. P. 42(a), Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire, 173 F.3d 909, 912-13 (3d Cir. 1999) (discussing consolidation), and that the parties agree that the class definition (see Docs. 29) should be amended, see FED. R. CIV. P. 23(c)(1)(C) ("An order [certifying a class action] may be altered or amended before final judgment."), and the court finding that its prior class certification analysis pursuant to Rule 23 of the Federal Rules of Civil Procedure remains unchanged with defendant ORM and the proposed amended class (see Civil Action No. 1:04-CV-1346, Docs. 29, 32), see FED. R. CIV. P. 23, it is hereby ORDERED that:

1. The motions to consolidate the above-captioned cases (Civil Action No. 1:04-CV-1346, Doc. 68; Civil Action No. 1:05-CV-0819, Doc. 20) are GRANTED.

    a. The above-captioned cases are CONSOLIDATED for all purposes.

    b. The Clerk of Court is directed to CONSOLIDATE the case docketed as Civil Action No. 1:05-CV-0819 into the case docketed as Civil Action No. 1:04-CV-1346 and to CLOSE the case docketed as Civil Action No. 1:05-CV-0819.

    c. Defendant Outsource Recovery Management, Inc. is added as a class defendant to the case docketed as Civil Action No. 1:04-CV-1346.

    d. All future documents filed in this consolidated case shall be filed under the case docketed as Civil Action No. 1:04-CV-1346.

2. The joint motions to amend the class definition and file a consolidated complaint (Civil Action No. 1:04-CV-1346, Doc. 76; Civil Action No. 1:05-CV-0819, Doc. 38) are GRANTED.

   a. The Clerk of Court is directed to remove the proposed document (Civil Action No. 1:04-CV-1346, Doc. 76, Ex. 1) from the docket in this case and file it as a consolidated and amended complaint in Civil Action No. 1:04-CV-1346 as of the date of this order.

   b. The Clerk of Court is directed to remove Exhibits A and B of the original complaint (Civil Action No. 1:04-CV-1346, Doc. 1, Exs. A, B) from the docket in this case and file them as Exhibits A and B, respectively, to the consolidated and amended complaint.

   c. The order of court certifying the instant action as a class action (Doc. 29) is AMENDED. See FED. R. CIV. P. 23(c)(1)(C).

      i. The class in the above-captioned case is DEFINED as all persons with addresses within the Commonwealth of Pennsylvania who were sent, between June 23, 2003, and June 23, 2004, one or more letters from any defendant, which were in a form similar or identical to the letters attached to the complaint in the above-captioned case as Exhibits A and B, to recover a dishonored check written for personal, family, or household purposes, which were not returned undelivered by the United States Postal Service, and who paid some amount more than the face amount of the check to any defendant. See FED. R. CIV. P. 23(c)(1)(B).

      ii. All other definitions and the appointment of class counsel in the prior order of court (Doc. 29) remain unchanged. See FED. R. CIV. P. 23(c)(1)(B), (g).

3. The motion to certify the class (Civil Action No. 1:05-CV-0819, Doc. 25) is DENIED as moot.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge